[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

No. 07-14257
Non-Argument Calendar

_____

D. C. Docket No. 07-00077-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD LANGLEY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 27, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Todd Langley Johnson appeals his 60-month sentence imposed after his

conviction for driving with a revoked license. Johnson was indicted for: (1) driving under the influence in violation of Fla. Stat. § 316.193, per 18 U.S.C. §§ 7, 13 (Count One); and, (2) driving with a license suspended or revoked as a habitual offender under Fla. Stat. § 322.264, in violation of Fla. Stat. § 322.34(2), per 18 U.S.C. §§ 7, 13 (Count Two). The charges stemmed from Johnson's arrest for suspicion of driving while intoxicated near Eglin Air Force Base in Shalimar, Florida, on an area within the concurrent jurisdiction of the United States. He pled guilty to both charges and was sentenced to consecutive five-year terms of imprisonment.

On appeal, Johnson argues that the statute cited in Count Two, Fla. Stat. § 322.34(2), expressly excludes persons who have had their licenses revoked as habitual offenders under Fla. Stat. § 322.264. As a result, Johnson argues, he was "illegally sentenced" under § 322.34(2), because his license had been revoked as an habitual offender.

Whether sufficient evidence supports a criminal conviction is a question of law we review *de novo*. *United States v. Garcia-Jaimes*, 484 F.3d 1311, 1319 (11th Cir. 2007).

At the time of the offense, Johnson had his license permanently revoked as a habitual offender, pursuant to Fla. Stat. § 322.264. The indictment, however, cites

Fla. Stat. § 322.34(2), which provides that

> Any person whose driver's license or driving privilege has been
> canceled, suspended, or revoked as provided by law, *except persons*
> *defined in [§] 322.264*, who, knowing of such cancellation,
> suspension, or revocation, drives any motor vehicle upon the
> highways of this state while such license or privilege is canceled,
> suspended, or revoked, upon:
>
> (a) A first conviction is guilty of a misdemeanor of the second degree
> . . .
>
> (b) A second conviction is guilty of a misdemeanor of the first degree
> . . .
>
> (c) A third or subsequent conviction is guilty of a felony of the third
> degree . . .

Fla. Stat. § 322.34(2) (emphasis added). While paragraph (2) does not address

habitual offenders, Fla. Stat. § 322.34(5) does, providing that "[a]ny person whose

driver's license has been revoked pursuant to [§] 322.264 (habitual offender) and

who drives any motor vehicle upon the highways of this state while such license is

revoked is guilty of a felony of the third degree . . . ." Fla. Stat. § 322.34(5).[1]

Federal Rule of Criminal Procedure 7(c)(3) provides that "[u]nless the

defendant was misled and thereby prejudiced, neither an error in a citation nor a

citation's omission is a ground to dismiss the indictment or information or to

reverse a conviction." Moreover, the Advisory Committee Notes for Rule (7)(c)(3)

---

[1] This offense is punishable as an offense against the United States in areas within the
concurrent jurisdiction of the United States. *See* 18 U.S.C. §§ 7, 13.

3

provide that "[a] conviction may be sustained on the basis of a statute or regulation other than that cited." *See United States v. Bennett*, 368 F.3d 1343, 1352-55 (11th Cir. 2004) (holding that sufficient evidence supported a conviction for attempt to kill an officer of the United States, 18 U.S.C. § 1114, where the defendant was actually charged with a violating 18 U.S.C. § 115, which pertained to attempted murder of a member of a United States official's family), *vacated on other grounds*, 543 U.S. 1110 (2005). In *Bennett*, we reasoned that the indictment charged the requisite elements for a conviction under § 1114, the indictment made clear the illegal act for which the defendant was being prosecuted, and nothing in the record suggested that the defendant was misled or prejudiced by the incorrect citation. *See id.* at 1354-55.

In this case, while Count Two of the indictment charged Johnson with driving after his license was revoked as an habitual offender, but cited paragraph (2) of Fla. Stat. § 322.34 instead of paragraph (5), the district court did not err in sentencing Johnson for a violation of § 322.34(5), a third-degree felony. The indictment charged the elements that are necessary to sustain a conviction under § 322.34(5) and made clear the illegal act for which Johnson was being prosecuted. At the change-of-plea hearing, Johnson acknowledged as true the information contained in a statement of facts that was filed with the court, which provided that

4

he drove after having his license revoked as an habitual offender. Moreover, the court accurately informed Johnson that the statutory maximum for his conviction on Count Two was five years' imprisonment. Finally, Johnson points to nothing in the record that suggests that he was misled about either the illegal activity for which he was being prosecuted or the potential punishment that he faced. As a result, we affirm his sentence.

**AFFIRMED.**